UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


NORMAN SANDERS (#197433)

VERSUS                                          CIVIL ACTION

N. BURL CAIN, ET AL                             NUMBER 11-227-JJB-DLD


ORDER

Before the court is the defendants' Motion to Stay Discovery, record document number 36, and the plaintiff's Motion to Stay Summary Judgment and Motion to Stay, record document numbers 56 and 58, respectively.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 and RLUIPA against Warden N. Burl Cain, Deputy Warden Darrel Vannoy, Assistant Warden Cathy Fontenot, Assistant Warden Leslie Dupont, Deputy Warden Richard Peabody, Assistant Warden Joseph Lamartiniere, Assistant Warden Kevin Benjamin, Assistant Warden Tim Delaney, Lt. Col. Jeremy Mackee, John H. Robson and Chaplain Brad Delaughter. Plaintiff alleged that he was retaliated against for filing an administrative grievance and he was subjected to religious discrimination in violation of his constitutional rights.

Defendants filed a Motion for Partial Summary Judgment and asserted the defense of qualified immunity.[1] Defendants also moved to stay discovery pending a ruling on summary judgment.[2] Plaintiff filed an opposition to the defendants' Motion for Partial

---

[1] Record document numbers 30 and 43.

[2] Record document number 36.

Summary Judgment[3] and filed two Rule 56(d) motions seeking to defer consideration of the defendants' motions for summary judgment or denial of the motions and alternatively, a continuance to allow him time to obtain affidavits and take discovery.

One of the reasons for qualified immunity is to protect a defendant from the burdens of discovery when the plaintiff has not filed an adequate claim. *Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991, 994 (5th Cir. 1995). Discovery "must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Id.*; *see Geter v. Fortenberry*, 849 F.2d 1550, 1553-54 (5th Cir. 1988).

The initial inquiry in the examination of a defendants' claim of qualified immunity is whether the plaintiff has "alleg[ed] the violation of a clearly established Constitutional right." *Siegert v. Gilley*, 500 U.S. 226, 231, 111 S.Ct. 1789, 1793 (1991).

Plaintiff alleged the following allegations. He is a practicing Mormon who on April 6, 2010, filed an administrative grievance ("ARP") complaining of religious discrimination. Chaplain Brad spoke with him about what it would take to resolve the problem. He told the chaplain that he would like a slot at the Interfaith Chapel on Sunday and club status for the Mormons.

Three days later he was transferred to Camp C and was advised that he was being assigned as a Mormon inmate minister at Camp C Chapel where he was to conduct worship services on Sundays.

On April 21, 2010, he asked Asst. Warden Delaney for permission to travel to the Main Prison to attend Mormon religious callout because there were no other Mormons at

---

[3] Record document number 59.

Case 3:11-cv-00227-JJB -DLD   Document 65   12/27/11   Page 2 of 6

Camp C. He pointed out that other inmates were permitted to travel to attend religious services and functions. Asst. Warden Delaney denied his request and advised him to obtain consent to travel from Asst. Warden Benjamin, supervisor of the Main Prison. He sent Asst. Warden Benjamin a letter but got no response.

He asked Asst. Warden Delaney and Lt. Col. Mackee for hobby shop privileges. His name was placed at the top of the list but other inmates received a hobby box while he did not.

He filed an administrative grievance on April 28, 2010, complaining that he was transferred to Camp C in retaliation for filing an administrative grievance and that the transfer hindered his ability to practice his religion. He also complained that he was denied hobby shop privileges.

On May 21, 2010, he asked Asst. Warden Delaney for permission to travel to the Main Prison to attend Mormon religious services but received no response.

On May 28, 2010, Warden Cain advised him and other inmate ministers that he did not discriminate against any religion and that religious clubs were being abolished to avoid discrimination. Warden Cain further stated that he was moved because they needed the room and to allow him to use the Concept Club. Asst. Warden Fontenot stated that the plaintiff had a history of filings administrative grievances and that he should not be allowed to be a religious leader because of his anger.

The meeting then moved to the Main Prison Chapel where members of the Mormon, Rastafarian and Jewish religions were assembled. Warden Cain advised the assembly that each person was being allowed to either stay at the Main Prison or go to the out camps where their respective religious leaders were located to worship with their religious leaders. No one in the assembly requested a transfer to an out camp.

3

On September 1, 2010, plaintiff told Warden Cain that he had not been given a hobby shop box and did not have access to the Concept Club. Warden Cain instructed Asst. Warden Dupont to provide him with a hobby shop box and access to the Concept Club to conduct fundraisers to obtain Mormon religious materials. He also told Warden Cain that his requests to travel to the Main Prison to attend religious services were not being processed. Warden Cain told him he would not be permitted to travel to the Main Prison for Mormon call outs. Warden Cain asked him whether he was conducting religious services at Camp C and he responded that he was sharing his faith with other inmates but that there were no other Mormons at Camp C.

After his meeting with Warden Cain he met with Asst. Warden Dupont who told him he would be assigned a hobby shop box the next day. Asst. Warden Dupont also told him that although he would not be permitted to conduct fundraisers, he could provide him with a list of Mormon religious materials needed for Camp C and the Concept Club would buy them. He submitted a list of religious materials and the names of inmates interested in taking classes to Asst. Warden Dupont.

On October 1, 2010, he was issued a false disciplinary report in retaliation for filing legal filings.

A review of the allegations in the complaint show that the allegations sufficiently allege violations of clearly established law.

Once a plaintiff has asserted violations of clearly established law, it is well established that parties asserting qualified immunity are not immune from all discovery, but only that which is "avoidable or overly broad." *Wicks,* 41 F.3d at 994; *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987). Discovery is neither avoidable nor overly broad if (1) the immunity claim turns at least partially on a question of fact; (2) the court is unable

to rule on the immunity defense without further clarification of the facts; and (3) the discovery order is narrowly tailored to uncover only those facts needed to rule on the immunity claim. *Lion Boulos*, 834 F.2d at 507-08.

In his Motion to Stay Summary Judgment the plaintiff sought to defer consideration of the defendants' motions for summary judgment, denial of the motions, or a continuance to allow him time to obtain affidavits and conduct discovery to address the defendants' qualified immunity defense.

A review of the record showed that the plaintiff has not propounded any discovery and although he identified broad categories of discovery he wishes to propound, the categories of documents listed are not specific enough to determine whether the discovery is directed to addressing the defendants' qualified immunity defense.

Therefore;

IT IS ORDERED that the defendants' Motion to Stay Discovery, record document number 36, is granted in part staying all discovery except discovery tailored to addressing the defendants' qualified immunity defense.

IT IS FURTHER ORDERED  the plaintiff's Motion to Stay Summary Judgment and Motion to Stay, record document numbers 56 and 58, respectively, are granted in part and denied in part.

Plaintiff's Motions to Stay are granted in part, deferring consideration of the defendants' Motions for Partial Summary Judgment pending a determination whether additional discovery directed to addressing the defendants' qualified immunity defense is required.  In all other respects, the plaintiff's motions are denied.

IT IS FURTHER ORDERED that within 21 days from the date of this order the plaintiff shall file a Motion for Leave of Court to Propound Discovery and attach the

Case 3:11-cv-00227-JJB -DLD   Document 65   12/27/11   Page 5 of 6

proposed discovery to the motion.  The discovery must be tailored to addressing the defendants' qualified immunity defense.

Plaintiff is placed on notice that discovery which is not tailored to addressing the defendants' qualified immunity defense shall not be allowed.

Signed in Baton Rouge, Louisiana, on December 27, 2011.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**

Case 3:11-cv-00227-JJB -DLD   Document 65   12/27/11   Page 6 of 6