UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NORMAN SANDERS (#197433)     CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL.     NO. 11-227-JJB-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on December 30, 2015.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

CIB

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NORMAN SANDERS (#197433)                                              CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL.                                                          NO. 11-227-JJB-RLB

## ORDER

This matter is before the Court on the defendants' Motion to Recover Awarded Costs (R. Doc. 151) and the Motion for Review and Opposition to Taxation of Costs (R. Doc. 152) filed by the plaintiff Norman Sanders. The Motions are opposed. *See* R. Docs. 152 and 153.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq.*, asserting claims against numerous prison officials and complaining that he was retaliated against for filing an administrative grievance in April, 2010, and that he was subjected to religious discrimination in violation of his constitutional rights. The defendants' Motion for Summary Judgment was granted on March 23, 2015, and the plaintiff's action was dismissed. *See* R. Doc. 139. The plaintiff's appeal from the final judgment was dismissed on September 10, 2015. *See* R. Doc. 149.

On March 31, 2015, the defendants filed an Application to Tax Costs (R. Doc. 140), and requested that the Clerk of Court tax costs in the amount of $209.90. On November 6, 2015, the Clerk taxed costs in the requested amount. *See* R. Doc. 150. On November 12, 2015, the defendants filed a Motion to Recover Awarded Costs (R. Doc. 151). On or about November 19, 2015, the plaintiff filed a Motion for Review and Opposition to Taxation of Costs (R. Doc. 152).

The plaintiff asserts therein that the defendants are not entitled to an award of costs due to unethical practices on the part of the defendants. The plaintiff alleges that the defendants submitted false affidavits concerning transportation of inmates to the main prison for religious callouts. *See* R. Doc. 152.

Taxation of costs by the clerk of court is subject to de novo review by the district court. *Sigur v. Emerson Process Management*, 2008 WL 1908590, *2 (M.D. La. Feb. 21, 2008) (*citing Greene v. Fraternal Order of Police*, 183 F.R.D. 445 (E.D. Pa. 1998); *Montgomery County v. Microvote Corp.*, 2004 WL 1087196 (E.D. Pa. May 13, 2004)). Pursuant to Federal Rule of Civil Procedure 54, the prevailing party in litigation is "presumptively entitled" to costs. *Greene*, at 447-448, *citing Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981). Nevertheless, the district court retains broad discretion in determining whether and to what extent it should award costs to a prevailing defendant. *Id.*; *Energy Management Corp. v. City of Shreveport*, 467 F.3d 471, 483 (5th Cir. 2006). "The particular circumstances of a case may permit a district court to refuse to award costs altogether or to apportion them between the parties." *Id.*, *quoting Croker v. Boeing Co.*, 662 F.2d 975, 998 (3rd Cir. 1981); *See also*, *Farmer v. Arabian Amer. Oil Co.*, 379 U.S. 227, 233-234 (1964) (emphasizing court's discretion in determining amount of costs to be awarded pursuant to Rule 54).

The plaintiff's argument that the defendants should be denied an award of costs outright is unpersuasive, as it is based on an entirely conclusory allegation that the defendants engaged in unethical practices by submitting false affidavits. For that reason, and the reasons set forth below, the plaintiff's Motion for Review and Opposition to Taxation of Costs (R. Doc. 152) will be denied.

Pursuant to 28 U.S.C. § 1920, a judge or clerk of court of the United States may tax as costs the following: (1) Fees of the clerk or marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript "necessarily obtained" for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under § 1923 of this title; and (6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.  A court may not award costs to the prevailing party unless it first determines "that the expenses are allowable cost items and that the costs are reasonable, both in amount and necessity to the litigation." *Roberson v. Brassell*, 29 F. Supp. 2d 346 (S.D. Tex. 1998), *quoting Commercial Credit Equip. Corp. v. Stamps*, 920 F.2d 1361, 1367 (7th Cir. 1990); *Schwarz v. Folloder*, 767 F.2d 125, 127 (5th Cir. 1985).

The Clerk of Court taxed as costs against the plaintiff: (1) $20.00 as attorney docket fees pursuant to 28 U.S.C. § 1923; and (2) $189.90 for copies.  Section 1923 provides for fees, in the amount of $20.00, to be taxed as costs under certain circumstances, including "on trial or final hearing."  The law is well-settled that, because, where entry of summary judgment resolves all issues in the case, thereby making it a final, appealable order, it is a "final hearing" to which the $20.00 fee applies.  *See, e.g., Horacek v. Eberly,* 2006 WL 2844170, at *3 (E.D. Mich. Sept. 29, 2006) (collecting cases); *Berryman v. Epp*, 884 F. Supp. 242, 245–46 (E.D. Mich. 1995) (explaining why the $20.00 fee applies in a case, like this one, where summary judgment was entered on all issues in the case and was therefore a final, appealable order); *Mikel v. Kerr*, 64 F.R.D. 93, 95 (E.D. Okl. 1973) ("The Summary Judgment entered in this case disposing of all issues being appealable constitutes a final hearing within the intent and meaning of 28 U.S.C. §

1923(a) and as such the allowance of a $20.00 Docket Fee upon final hearing by the Clerk was proper."). Accordingly, the defendants are entitled to an award of $20.00 for attorney's docket fees.

With regards to the defendants' copying costs, the Fifth Circuit, in *Fogleman v. ARAMCO* (Arabian American Oil Co.), 920 F.2d 278, 286 (5th Cir. 1991), stated that the cost of copying relevant documents and exhibits is subject to the same standard as that of copying depositions – meaning, reproductions "necessarily obtained for use in the case are included within taxable costs, provided that the prevailing party demonstrates that necessity." While a prevailing party is not required to identify every copy made for use in the course of proceedings, some proof is required that copying expenses necessarily resulted from litigation. *Id*; *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir.1994).

In the present matter, the defendants have itemized the photocopies made in connection with this case, including the subject matter of the documents copied and the number of pages for each document. Counsel for defendants has also declared under penalty of perjury that the photocopying costs sought are "correct, and the costs have been necessarily incurred in the case." *See* R. Doc 140-2. The Court finds that defendants are entitled to photocopying costs at the reasonable rate requested of ten (10) cents per page, resulting in an award of $189.90 for copying costs. Accordingly,

**IT IS RECOMMENDED** that the plaintiff's Motion for Review and Opposition to Taxation of Costs (R. Doc. 152) be **DENIED** and that the defendants' Motion to Recover Awarded Costs (R. Doc. 151) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that plaintiff **NORMAN SANDERS (#197433)** shall pay assessed costs in the amount of **$209.90** in periodic installments.  The plaintiff is required to make payments of 20% of the preceding month's income credited to his inmate accounts until he has paid the total assessed costs of $209.90.  The agency having custody of the plaintiff shall collect this amount from the plaintiff's trust fund accounts or institutional equivalents and, each time that the amount collected exceeds $10.00, shall issue a check made payable to the State of Louisiana, Office of Risk Management, and shall forward same to Jimmy Meaux, State Risk Claims Manager, State of Louisiana, Office of Risk Management, Post Office Box 91106, Baton Rouge, LA 70821-9106, with the following ORM number noted on the check for proper credit: 10G0406SA0903.  This shall be in addition to any deductions taken from the plaintiff's accounts to pay filing fees that the inmate might owe and shall be deducted from the inmate's account until the total amount of $209.90 is paid.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court shall mail, or deliver by electronic means, a copy of this Order to the plaintiff and to the Centralized Inmate Banking Section for the Louisiana Department of Public Safety and Corrections.

Signed in Baton Rouge, Louisiana, on December 30, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**